[No. 29015. Department One. July 28, 1943.]

WILLIAM B. REINHARDT et al., as Executors, Respondents, v. WILLIAM M. FLEMING et al., Appellants.[1]

[1]Reported in 140 P. (2d) 504.

*Skeel, McKelvy, Henke, Evenson & Uhlmann, A. A. Booth,* and *Reeves Aylmore,* for appellants.

*Wright & Wright* and *A. J. Laughon,* for respondents.

SIMPSON, C. J.—Plaintiffs, as executors of the estate of Grace Vaughn Bowman, deceased, instituted this action against defendants Fleming, husband and wife, and Bessie Jean Gloster, their daughter. The complaint alleged that the plaintiffs were executors of the estate of Mrs. Bowman, who died July 5, 1942; that, at the time of her death, she was owner of the real property described in the complaint; that defendants were in possession and refused to vacate the premises; that plaintiffs caused notice in writing to be served on defendants requiring them to vacate and surrender the premises, which they refused to do; and that by reason thereof the estate suffered damages in the sum of two dollars for each day subsequent to the date of service of demand for possession. Further, they ask for possession of the property and a decree quieting title thereto as against any claims of the defendants; for judgment for restitution and damages for withholding possession.

The defendants answered, denying the allegations of the complaint, except that concerning possession, and by way of affirmative defense alleged that Grace V. Bowman purchased the property involved for the benefit of defendant Gloster; that possession was delivered to her April 5, 1941, and that Mrs. Gloster had been in undisturbed and peaceful possession since that date and had made improvements thereon and paid the taxes; that, subsequent to the delivery of possession, Mrs. Bowman confirmed her intention of vesting title in Mrs. Gloster "by acts, declarations and written instrument." Defendant Gloster prayed for a decree quieting her title to the property.

The case was tried to the court and resulted in judgment in favor of plaintiffs. Findings of fact and con-

clusions of law were entered. The court found that the plaintiffs had been damaged in the sum of forty dollars per month beginning September 1, 1942, and that the damage would continue until possession of the property was surrendered to plaintiffs.

The question presented in this case is: Was the evidence sufficient to prove a gift of the property to appellant?

"Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed: . . ." Rem. Rev. Stat., § 10550 [P. C. § 1908-21].

■ Under certain circumstances, parol gifts or transfers of real property will be upheld. The evidence to sustain parol gifts must be clear, unequivocal, strong, convincing, and definite in character. *Jackson v. Lamar*, 67 Wash. 385, 121 Pac. 857; *Sturgis v. McElroy*, 113 Wash. 192, 193 Pac. 719.

■ There are four requirements necessary to sustain a parol gift of real estate: First, it must be a gift *in praesenti;* that is, an absolute, present gift, not a promise, nor the expectation of some future act; second, possession must be given in furtherance of the gift; third, permanent and valuable improvements must be made which cannot be compensated for in damages; and, fourth, the donee must have changed his condition or circumstances or been induced to forego some benefit or assume some liability upon the strength of the gift such as would make it inequitable not to enforce the gift. *Sturgis v. McElroy, supra; Gerry v. Gerry*, 135 Wash. 468, 238 Pac. 5.

■ We now summarize the evidence in order to ascertain whether the facts, measured by these rules, were sufficient to sustain a parol gift of the real estate.

Mrs. Gloster and Mrs. Bowman were close and intimate friends for several years prior to July 5, 1942, the date of Mrs. Bowman's death. Appellant is one of seven preferred beneficiaries of Mrs. Bowman's will.

The estate, apparently quite substantial, was left almost entirely to religious or missionary organizations or institutions, subject, however, to life estates for individuals and for this appellant. The Simpson Bible Institute of Seattle, in which Mrs. Bowman was interested and to which she contributed, was a beneficiary. In 1937, this appellant secured a position as teacher in that institution at the request of Mrs. Bowman. Until she moved into the house involved in this litigation in 1941, appellant lived several miles from the school, and it was on that account and in order to provide a place for Mrs. Gloster, that Mrs. Bowman secured the property. Shortly after Mrs. Bowman signed a contract of purchase and before she secured a deed, appellant took possession of the premises, which she has had since, and had never been asked to pay rent to the owner. Mrs. Bowman visited appellant many times, and gave her a piece of furniture as a welcome when she moved into the house.

While appellant was precluded from testifying as to any statement made to her by Mrs. Bowman, she was able to prove by other witnesses—the real estate agent who handled the transaction and friends—that Mrs. Bowman had stated she was purchasing, or had purchased, the house as a home for Mrs. Gloster. Appellant paid the taxes on the premises and made some improvements. During the trial, she offered in evidence a letter dated January, 1942, signed by Mrs. Bowman, in which it was stated:

"I am giving this property to you, free and clear, And my hope is that it will be your home as long as you live in Seattle—  . . ."

Appellant was permitted to testify that she secured the letter in Mrs. Bowman's house in January, 1942, and that the signature was that of Mrs. Bowman. The offer of the letter in evidence was refused, as was each of the instruments accompanying it. Those instruments consisted of the deed to Mrs. Bowman, the title

insurance policy, the real estate contract, and the envelope in which all the papers were contained.

During the month of March, 1942, appellant called at the office of Mr. Elias A. Wright and asked that he prepare a deed to her of the property. The evidence is in direct conflict between appellant and Mr. Wright as to what transpired on that occasion, and whether or not there were two visits or only one. Mr. Wright testified that appellant did call on him and that he refused her request to make a deed or call Mrs. Bowman, who was ill. He testified that, sometime during March, 1941, he did, at the instance of Mrs. Bowman, prepare a deed conveying the property to appellant. Mr. Wright testified concerning the circumstances concerning the making of this deed as follows:

"Mrs. Bowman asked me to draw a quit claim deed to the property she had bought, a quit claim deed to Mrs. Gloster. I said all right, I would at the office— I went out on my way home and the next morning I came to the office and I drew the deed. There wasn't any Mrs. Gloster there. She was not near there at all. I drew the quit claim deed and in the evening I took it out to Mrs. Bowman's house and she signed the deed which you have inspected. I asked her what I should do with the deed. She said, 'Keep the deed.' I said, 'Shall I deliver it?' She said, 'No, I don't want you to deliver it. I will tell you when to deliver it. I may never deliver it.' That is the sum and substance of my conversation. I brought the deed back and put it in the envelope and put it in my safe, and that is the deed."

Some evidence was introduced relative to the making and delivery of the deed which in a certain way contradicted that given by Mr. Wright. However, the contradictory evidence was not very definite, and the court was entirely justified in finding that Mr. Wright was correct.

It is unnecessary to decide upon the admissibility of the letter, for the reason that it does not indicate a present intent to make an immediate gift of the real

property. True, as we have stated, the letter said, "I am giving this property to you," which, standing alone, might indicate a definite decision to make a present gift of the property. However, the last portion of the letter states, "I have included the deed which must be changed to your name, and which we will do, together, soon." Considering the letter in its entirety, which must be done in order to ascertain the intent of the writer, we must conclude that it did not make an absolute present gift, but left to the future the consummation of the promise to give.

The other evidence to which we have referred does no more than indicate a desire to give the property to the appellant at some future date. Such evidence is not sufficient upon which to base a gift of real property.

The improvements made by appellant, totaling one thousand dollars, could be compensated for in damages. They consisted of remodeling a portion of the house in order to provide two reception rooms, one for men and the other for women. It is quite clear that these amounts could have been easily ascertained so that appellant could have recovered any money she may have spent in making the improvements. The financial loss which she may suffer on account of her failure to make title will be very small. She occupied the house for a considerable length of time and paid taxes for one year. Had she been compelled to pay rent, it would have been in an amount almost sufficient to equal the value of the improvements.

We have examined the affidavits which were filed as the basis for the motion for a new trial. The showing made by them does not disclose any facts which would have justified the trial court in granting a new trial.

The judgment is affirmed.

MILLARD, STEINERT, JEFFERS, and MALLERY, JJ., concur.